IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SHAMSIDEEN HATCHER, )<br>)<br>    Plaintiff, )<br>)<br>)<br>VS. )<br>)<br>)<br>CAPTAIN TROTTER, )<br>)<br>    Defendant. ) | No. 17-1049-JDT-egb |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 15, 2017, Plaintiff Shamsideen Hatcher, a resident of Bristol, Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Plaintiff filed the required application (ECF No. 6), U.S. Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* (ECF No. 7). On December 20, 2017, Magistrate Judge Bryant issued a Report and Recommendation (R&R) in which he recommended the Court dismiss the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 11.) Objections to the R&R were due within fourteen days, on or before January 8, 2018. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

Plaintiff has sued Captain Trotter, complaining of an incident that occurred at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee.[1] He alleges that he was subjected to retaliation and denied his right to practice his religion, in violation of the First Amendment. Specifically, the complaint alleges that on Sunday, January 1, 2017, another inmate said something to Defendant Trotter that Trotter deemed offensive. In "anger and retaliation," (ECF No. 1 at 1), Trotter locked down the pod, which prevented Plaintiff from attending church services that day.

The Magistrate Judge found that Plaintiff had failed to state a claim for retaliation under the First Amendment. Plaintiff specifically alleges that Trotter ordered the lockdown in response to the speech of another inmate. There is no allegation that Trotter's action was in retaliation for *Plaintiff's* protected speech or conduct. Magistrate Judge Bryant also found that Plaintiff had failed to state a claim for violation of his First Amendment right to free exercise of his religion. Plaintiff alleges merely that he was unable to attend Sunday services on one occasion due to the lockdown. That one isolated occurrence simply does not rise to the level of a First Amendment violation.

The Court agrees with Magistrate Judge Bryant's conclusion that Plaintiff has failed to state a claim under the First Amendment for retaliation or for violation of the right to freely exercise his religion. Therefore, the Court ADOPTS the R&R. This case is

---

[1] The complaint itself does not identify the facility at which the events complained of occurred. However, a proposed summons later submitted by Plaintiff lists Trotter's address as the WCF (ECF No. 9), and the Court assumes that is also where the incident happened.

DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, he must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE